J-S11023-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ROBERT STRINGER | |
| Appellant | No. 937 WDA 2016 |

Appeal from the PCRA Order May 11, 2016
In the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-CR-0001070-2004

BEFORE: OLSON, J., RANSOM, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY RANSOM, J.:                    **FILED MAY 08, 2017**

Appellant, Robert Stringer, appeals from the May 11, 2016 order denying, as untimely, his petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546. We affirm.

On June 13, 2005, Appellant was convicted by a jury of one count each of first-degree murder, kidnapping, robbery, robbery of a motor vehicle, criminal conspiracy, theft, receiving stolen property, and access device fraud.[1] On September 1, 2005, Appellant received a mandatory life sentence. *See* PCRA Court Opinion (PCO), 08/23/2016, at 3.

---

[1] 18 Pa.C.S. §§ 2502(a), 2901(a), 3701(a)(i)-(ii), 3702, 903(a)(1), 3921(a), 3925, 4106(a)(1) respectively.

[*] Former Justice specially assigned to the Superior Court.

Appellant timely filed a notice of appeal. On May 23, 2008, this Court affirmed his judgment of sentence, and the Supreme Court denied his subsequent petition for allowance of appeal. *See Commonwealth v. Stringer*, 954 A.2d 43 (Pa. Super. 2008) (unpublished memorandum), *appeal denied*, 960 A.2d 456 (Pa. 2008).

Appellant timely filed *pro se* a PCRA petition, and counsel was appointed to represent him. Counsel submitted a *Turner/Finley*[2] letter and petition to withdraw. After proper notice pursuant to Pa.R.Crim.P. 907, the PCRA court granted counsel's petition and dismissed Appellant's petition. Appellant timely appealed, and this Court affirmed the dismissal of his petition. *See Commonwealth v. Stringer*, 40 A.3d 205 (Pa. Super. 2011) (unpublished memorandum), *appeal denied*, 50 A.3d 692 (Pa. 2012).

Appellant untimely filed a second petition seeking PCRA relief, alleging that his life sentence without the possibility of parole was illegal under *Miller*.[3] *See* PCRA petition, 7/26/12, at 1-6. The PCRA court dismissed the petition, and this Court affirmed. *See Commonwealth v. Stringer*, 87 A.3d 880 (Pa. Super. 2013) (unpublished memorandum).

---

[2] *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1998); *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988).

[3] *Miller v. Alabama*, 132 S. Ct. 2455 (2012) (holding unconstitutional the mandatory life imprisonment without parole for juvenile offenders).

Between July 2013 and October 2013, Appellant filed numerous *pro se* petitions seeking habeas corpus relief. These petitions were summarily dismissed and no appellate decisions rendered.

Appellant untimely filed this instant petition, his third, on March 7, 2016, asserting that his sentence is illegal.[4] He argued that **Miller** established a constitutional right which has been held to apply retroactively. **See** PCO at 2. After proper notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed Appellant's petition. Appellant timely appealed and filed a court-ordered Pa.R.A.P. 1925(b) statement of errors complained of on appeal. The PCRA court issued a responsive opinion.

Herein, Appellant presents three issues for our review:

I.      Whether Appellant is entitled to **Miller/Montgomery**[5] relief under the equal protection clause.

II.     Whether Appellant is similarly situated as those in **Miller** under Pennsylvania law and Constitution.

III.    Whether the [trial] court erred by failing to reconsider Appellant's notice of intent response.

Appellant's Brief at iv (unnecessary capitalization omitted).

---

[4] Appellant's PCRA petition does not appear of record, despite being docketed on March 10, 2016. However, as the PCRA court addressed his petition in its opinion, we are able to discern the issues Appellant raises. **See** PCRA Court Opinion (PCO), 08/23/16, at 3-4.

[5] **Montgomery v. Louisiana**, 136 S. Ct. 718 (2016), *as revised* (Jan. 27, 2016) (holding that the constitutional right recognized in **Miller** was substantive and, thus, applicable retroactively).

Our standard when reviewing an order denying a PCRA petition is whether the PCRA Court's determination is supported by the evidence of record and free of legal error. **Commonwealth v. Ragan**, 923 A.2d 1169, 1170 (Pa. 2007).

We begin by addressing the timeliness of Appellant's petition, as the PCRA time limitations implicate our jurisdiction and may not be altered or disregarded in order to address the merits of his claims. **See Commonwealth v. Bennett**, 930 A.2d 1264, 1267 (Pa. 2007). Under the PCRA, any petition for relief, including second and subsequent petitions, must be filed within one year of the date on which the judgment of sentence becomes final. **Id**. There are three exceptions:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Any petition attempting to invoke these exceptions "shall be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2); **see Commonwealth v. Gamboa-Taylor**, 753 A.2d 780, 783 (Pa. 2000). An appellant attempting

- 4 -

to invoke an exception must plead and prove the exception in his petition. **See Bennett**, 930 A.2d at 1267.

Appellant acknowledges that his petition is untimely.[6] Nevertheless, Appellant asserts that he has qualified for the constitutional right exception to the PCRA timeliness requirement. In his brief, he avers that due process was violated when he was refused a hearing to make his case that he was a "juvenile" under **Miller**.[7] **See** Appellant's Brief at 11. This Court has previously considered and rejected the argument that offenders over the age of eighteen may be considered "juveniles" under **Miller**. **See, e.g.,** **Commonwealth v. Furgess**, 149 A.3d 90, 94 (Pa. Super. 2016). Accordingly, Appellant is not entitled to relief under **Miller**, he is not similarly situated to the defendants in **Miller**; and the trial court did not err in denying him relief. **See Ragan**, 923 A.2d at 1170.

_____

[6] Appellant's judgment of sentence became final on January 22, 2009 at the expiration of the ninety-day time period for seeking review with the United States Supreme Court. **See** 42 Pa.C.S. § 9545(b)(3) (a judgment of sentence becomes final at the conclusion of direct review or the expiration of the time for seeking the review); **Commonwealth v. Owens**, 718 A.2d 330, 331 (Pa. Super. 1998) (noting that Sup.Ct.R. 13 grants an Appellant ninety days to seek review with the United States Supreme Court). Appellant filed this instant petition almost seven years too late.

[7] Appellant concedes that he was over the age of eighteen but argues that he was a "technical" juvenile, as he was approximately twenty years old at the time of the crime. **See** Appellant's Brief at 8, 11.

Accordingly, the PCRA court's determination that Appellant's petition is untimely and meets no timeliness exception is supported by the record and free of legal error. *Ragan*, 923 A.2d at 1170.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/8/2017